An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ELIZABETH KAY CARLEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66034

FILED

JAN 15 2015



*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of forgery, establishing or possessing a financial forgery lab, possession of credit or debit card without cardholder's consent, and theft. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant argues that the district court abused its discretion in denying her presentence motion to withdraw her guilty plea because she was coerced into entering the plea. A district court may grant a presentence motion to withdraw a guilty plea for any substantial reason that is fair and just. *Crawford v. State*, 117 Nev. 718, 721, 30 P.3d 1123, 1125 (2001); *State v. Second Judicial Dist. Court*, 85 Nev. 381, 385, 455 P.2d 923, 926 (1969); *see* NRS 176.165. "To determine whether the defendant advanced a substantial, fair, and just reason to withdraw a plea, the district court must consider the totality of the circumstances to determine whether the defendant entered the plea voluntarily, knowingly, and intelligently." *Crawford*, 117 Nev. at 721-22, 30 P.3d at 1125-26. "On appeal from a district court's denial of a motion to withdraw a guilty plea, [we] will presume that the lower court correctly assessed the validity of the plea, and we will not reverse the lower court's determination absent a

15-01614

clear showing of an abuse of discretion." *Riker v. State*, 111 Nev. 1316, 1322, 905 P.2d 706, 710 (1995) (internal quotation marks omitted).

Appellant contends that she was coerced into the plea because her counsel told her that she would lose if she went to trial and her codefendant's counsel informed her that he would blame the offenses on her if she went to trial. The district court conducted an evidentiary hearing, noted that appellant had denied any coercion during the plea canvass, and found that her claim of coercion was belied by the record and her plea was entered knowingly and voluntarily. The written plea agreement and transcripts of the plea canvass and evidentiary hearing support the district court's finding that appellant's plea was voluntary. *See Crawford*, 117 Nev. at 722, 30 P.3d at 1126 ("A thorough plea canvass coupled with a detailed, consistent, written plea agreement supports a finding that the defendant entered the plea voluntarily, knowingly, and intelligently."). Thus, we conclude that the district court did not abuse its discretion by denying appellant's motion to withdraw her guilty plea. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

 

cc: Hon. Douglas Smith, District Judge
JZS Law Group
Roy L. Nelson, III
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk